UNITED STATES of America, Appellee,

v.

Charles JONES, Movant–Appellant.

No. 121, Docket 90–2122.

United States Court of Appeals,
Second Circuit.

Argued Oct. 4, 1990.

Decided Oct. 30, 1990.

Cheryl J. Sturm, Port Jervis, N.Y., for movant-appellant.

Elizabeth M. Martinez, Asst. U.S. Atty., S.D.N.Y. (Otto G. Obermaier, U.S. Atty., S.D.N.Y., Helen Gredd, Asst. U.S. Atty., of counsel), for appellee.

Before CARDAMONE and PRATT, Circuit Judges, and MUKASEY, District Judge for the Southern District of New York, sitting by designation.

PER CURIAM:

Charles Jones appeals from an order of the United States District Court for the Southern District of New York, Mary Johnson Lowe, *Judge,* denying his motion, made pursuant to 28 U.S.C. § 2255 (1982), to vacate his sentence.

Jones was convicted of four counts of unlawfully distributing narcotics in violation of 21 U.S.C. § 841 (1982), one count of conspiring to distribute narcotics unlawfully in violation of 21 U.S.C. § 846 (1982), and one count of engaging in a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848 (1982). The district court directed the jury to return a special verdict on the CCE charge. After the jury returned its verdict, the district court, on Jones's motion, set aside the jury's guilty verdict on the CCE count, concluding that, contrary to the court's instructions, the jury had relied upon violations of the conspiracy statute, 21 U.S.C. § 846, as predicate offenses for the CCE conviction. Jones was sentenced on the other counts.

Both the government and Jones appealed. A panel of this court not only upheld Jones's convictions on the distribution and conspiracy counts, but also, reversing the district court's order, reinstated the guilty verdict on the CCE count and remanded for sentencing on that count as well. *See*

*United States v. Jones,* 763 F.2d 518, 520 (2d Cir.1985).

Approximately two years after the district court imposed a sentence of ten years on the CCE count, Jones moved under 28 U.S.C. § 2255 (1982), asking the district court to vacate his sentence. He raised a number of issues: that the evidence at trial was insufficient to support the CCE charge; that the appellate court's decision to reinstate his conviction on this count had deprived him of his constitutional right to an impartial jury; that the jury's special verdict form demonstrated that the jury was confused; that the district court's jury charge on the conspiracy count was incorrect; and that he had received ineffective assistance of counsel, in violation of the sixth amendment.

The district court referred Jones's motion to United States Magistrate Naomi Buchwald, who recommended that the motion be denied. The magistrate concluded that since all of Jones's claims, with one exception, had been raised and considered in the direct appeal, they should be dismissed under *Barton v. United States,* 791 F.2d 265 (2d Cir.1986) (per curiam). The magistrate also concluded that the one exception, Jones's claim of ineffective assistance of counsel, was meritless. The district court adopted the magistrate's recommendations and dismissed the petition.

On appeal, Jones raises two claims: first, that the prior-adjudication bar of *Barton* does not apply when the government, and not the defendant/movant, first raised the issue on the direct appeal; and second, that his trial counsel's interpretation of the jury's special verdict on the CCE count was a violation of his sixth amendment right to effective assistance of counsel.

A. *The Barton Issue.*

■ 28 U.S.C. § 2255 states that "[t]he sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." Despite the language referring to "a second or successive *motion*" (emphasis added), we held in *Barton* that a similar rule should apply to issues first raised on direct appeal and that, with certain exceptions not applicable here, "section 2255 may not be employed to relitigate questions which were raised and considered on direct appeal." *Barton,* 791 F.2d at 267.

Jones contends that *Barton* should apply only when the issue on direct appeal was raised by the defendant/movant, and not when it was raised by the government. Jones argues that which party initially raises an issue affects how the issue will be framed and addressed; that if the defendant/movant has not initially raised the issue, then it is likely that the issue would not receive adequate consideration on direct appeal; and that in order to guarantee that the issue receives adequate consideration, a § 2255 motion is required.

In Jones's case, it was the government that appealed the district court's decision to set aside the jury's verdict on the CCE count. Jones concedes that the issue that he now raises in his § 2255 motion—the sufficiency of the evidence on the CCE count—was previously raised by him in answer to the government's direct appeal, as an alternate basis for affirmance; nevertheless, he contends that he should not be precluded from raising it again. Jones argues that because he was forced to respond to the government's other arguments regarding the CCE count, he could address his own argument about this issue only in a most cursory fashion. He further points out that this issue was never explicitly discussed in the panel's decision in the direct appeal.

We reject Jones's arguments. In *Barton,* the movant's claim had been argued in his brief by a co-defendant on direct appeal, and had been adopted by reference by the defendant/movant. *Id.* at 266. When the movant then attempted to raise this issue as the basis of his § 2255 claim, we held that this was a second examination of the issue and affirmed the district court's decision dismissing the § 2255 motion. *Id.* The critical aspect of *Barton* is not which party raised the issue on direct appeal, but rather whether the issue upon which the § 2255 motion is based has been previously raised and adjudicated on the merits.

While the party who first raises an issue may well shape how that issue is presented, this does not prevent all aspects of the issue from being fully considered. Moreover, "[n]othing in the traditions of habeas corpus requires the federal courts to tolerate needless piecemeal litigation, or to entertain collateral proceedings whose only purpose is to vex, harass, or delay." *Sanders v. United States*, 373 U.S. 1, 18, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148 (1963).

Significantly, *Barton* does not establish a *per se* rule. It "may not apply in certain circumstances, e.g., where the issues were not raised at all on direct appeal due to ineffective assistance of counsel, or where an intervening change of law has occurred". *Barton*, 791 F.2d at 267 (citations omitted). However, we decline Jones's invitation to create an additional exception to this general rule for cases where the earlier disposition of the issue occurred when it was the government, rather than the defendant/movant, that took the direct appeal.

B. *The Ineffective Assistance of Counsel Argument.*

■ Jones also claims that he received ineffective assistance of counsel. Prior to beginning its deliberations, the jury was instructed by the district judge that when determining the predicate acts needed to convict on the CCE count, it could not rely on the conspiracy count. The district judge also required the jury to complete a special verdict form, indicating the date, location, and specific violation for each predicate act upon which it based the CCE verdict. Ultimately the jury convicted Jones on all charges, including the CCE count; However, the jury indicated on the special verdict dates and locations of the predicate acts that corresponded with those of the substantive crimes of distribution, but the jury listed "21 U.S.C. 846"—the conspiracy statute—as the actual violation. This created an obvious problem because the district court had told the jury that they could not rely on conspiracy as a predicate act.

The Assistant United States Attorney immediately asked the district judge to instruct the jury to retire again to determine whether its reference to § 846 was "simply a miscitation on their part or a conspiracy charge." The district judge denied this request, and instead asked the forewoman whether the jury's reference to § 846 was the citation that the jury had actually intended to list. The forewoman answered in the affirmative. Jones's trial counsel then moved for a judgment of acquittal on the CCE count, basing this motion on the district court's earlier charge to the jury that a conspiracy could not legally constitute a predicate act for the CCE violation. The district court granted the motion.

Jones asserts that his trial counsel's actions at the time of the verdict "sunk" and "sabotaged" him. Jones seems to argue that his trial counsel, instead of suggesting that the jury had made a mistake, should have remained silent and "accepted the jury's verdict at face value." Instead of remaining silent, Jones's lawyer made a motion for acquittal on the CCE count, which the district court granted, and Jones was acquitted of the most serious charge against him. Unfortunately for Jones, a few months after trial, but before the direct appeal, we held that a § 846 conspiracy count could serve as a predicate offense for a CCE charge. *United States v. Young*, 745 F.2d 733, 751–52 (2d Cir.1984). Accordingly, we reinstated the CCE verdict.

Jones's ineffective assistance of counsel claim has no merit because it is unacceptably based on hindsight. Jones apparently faults his trial counsel for arguing that the conspiracy counts were the predicate acts of the CCE count. At the time of Jones's trial, the question of whether conspiracy could serve as a predicate act for a CCE charge was an unsettled question of law. Jones' trial counsel had good strategic reasons at the time for interpreting the jury verdict in the way that he did, since in light of the district judge's charge, his interpretation seemed likely to lead, and in fact actually led, to an acquittal on the CCE count. While we ultimately interpreted the law differently and reinstated that verdict, this outcome could not have been predicted by either the parties or the district judge. "A fair assessment of attorney perform-

**12**

ance requires that every effort be made to eliminate the distorting effects of hindsight * * * and to evaluate the conduct from counsel's perspective at the time." *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). Under this standard, which "indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance", *id.*, we cannot find fault with Jones's trial counsel. His was a sound trial strategy and was therefore "reasonable."

Affirmed.