953 F.2d 1384
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Victor E. DOYLE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-3839.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1992.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se federal prisoner appeals the district court's order dismissing his motion to vacate, set aside or correct sentence filed under 28 U.S.C. § 2255. He has filed motions for appointment of counsel and for pauper status on the appeal. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Victor Doyle pleaded guilty to one count of possession with intent to distribute cocaine base and one count of distribution of cocaine within 1000 feet of a school. He was sentenced to 120 months imprisonment, 96 months supervised release and ordered to pay $100 special assessment. His conviction was affirmed on appeal. United States v. Doyle, No. 90-3295 (6th Cir. Feb. 20, 1990) (per curiam) (unpublished).
 
 
 3
 In his motion to vacate sentence, Doyle alleged that he is disabled due to mental deficiency. He claimed that his guilty plea was unknowing and unintelligent. Doyle further contended that his plea was coerced, that he received ineffective assistance of counsel, that both counsel and the prosecutor violated his rights by not moving for a competency hearing, and that the trial judge abused his discretion by failing to conduct a competency hearing. Additionally, he asserted that the sentence exceeded the guideline range and that he was denied the opportunity to present an entrapment defense. In an amended motion, Doyle reasserted that he is mentally impaired and could not have comprehended the nature of the charges or the consequences of his plea.
 
 
 4
 Upon review, we conclude that the motion to vacate was properly dismissed. See United States v. Timmreck, 441 U.S. 780, 784 (1979).
 
 
 5
 Doyle's challenges to sentencing were addressed in his direct appeal. A federal prisoner may not relitigate in a § 2255 motion to vacate sentence claims that were raised and considered on direct appeal. See United States v. Jones, 918 F.2d 9, 10 (2d Cir.1990); Barton v. United States, 791 F.2d 265, 267 (2d Cir.1986).
 
 
 6
 Second, Doyle's claim that he was denied the opportunity to present an entrapment defense is unavailing. Having entered a valid plea, he may not challenge non-jurisdictional defects in the proceedings. See United States v. Freed, 688 F.2d 24, 25 (6th Cir.1982).
 
 
 7
 Doyle's remaining claims all concern his allegation that he is mentally deficient. However, mental disease or deficiency alone does not establish that a criminal defendant is incompetent. See, e.g., Martin v. Dugger, 686 F.Supp. 1523, 1572 (S.D.Fla.1988), aff'd, 891 F.2d 807 (11th Cir.1989), cert. denied, 111 S.Ct. 222 (1990). The test for competency to enter a guilty plea is "whether [defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding--and whether he has a rational as well as a factual understanding of the proceedings against him." See Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam); Williams v. Bordenkircher, 696 F.2d 464, 466-67 (6th Cir.), cert. denied, 461 U.S. 916 (1983). Doyle did not show, by a preponderance of the evidence, that he was incompetent to enter a guilty plea. See Owen v. United States, 660 F.2d 696, 702 (6th Cir.1981). He did not allege that but for counsel's allegedly deficient performance, he would not have entered a plea of guilty but would have proceeded to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). Finally, the transcript of the plea proceeding does not support a finding that "a reasonable judge ... should have experienced doubt with respect to competency." See Pate v. Smith, 637 F.2d 1068, 1072 (6th Cir.1981).
 
 
 8
 Accordingly, all pending motions are denied and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.