977 F.2d 581
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward L. KELLY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-5103.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1992.
 
 1
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and RUBIN, District Judge.*
 
 ORDER
 
 2
 Edward L. Kelly, a federal prisoner proceeding without benefit of counsel, appeals from the order of the district court dismissing his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Kelly has requested appointment of counsel.
 
 
 3
 Edward L. Kelly was indicted on one count charging him with possession with intent to distribute eleven kilograms of a substance containing cocaine in violation of 21 U.S.C. § 841(a)(1). A detailed factual summary can be found at U.S. v. Kelly, 913 F.2d 261, 263-64 (6th Cir.1990). He moved to suppress evidence taken from him during an airport stop and search on the grounds that the search was conducted without his consent. The district court ordered the evidence suppressed, based on its finding that the search of Kelly's person and locked suitcase violated the Fourth Amendment. The United States appealed.
 
 
 4
 On appeal, this court reversed the suppression order and remanded the case to the district court for a determination whether Kelly's consent to search his luggage was a "sham" or whether he revoked his consent once he had been moved to an airport security office. Id. at 267. On December 6, 1990, the district court conducted an Evidentiary Hearing, after which, the district court denied Kelly's renewed motion to suppress. Kelly appealed. On January 25, 1991, Kelly entered a plea of guilty, reserving the right to appeal. On March 22, 1991, Kelly was sentenced to 120 month imprisonment and a 5 year term of supervised release. On March 3, 1992, this court held that the district court was not in error and affirmed the court's denial of Kelly's renewed motion to suppress the evidence. U.S. v. Kelly, No. 91-5453 (6th Cir. Mar. 3, 1992).
 
 
 5
 Seeking an order releasing him from confinement, Kelly alleged that his trial counsel was ineffective because he was advised by counsel to plead guilty following a reversal by this court of the district court's order to suppress evidence. He also claimed that he was denied due process of law by the trial court's failure to conduct an inquiry into the consent and revocation of consent issues raised by this court in its opinion.
 
 
 6
 Kelly's allegation that he was not provided with an evidentiary hearing consistent with the court's order in United States v. Kelly, 913 F.2d 261, is not supported by the record. By extension, Kelly's trial counsel could not have been ineffective by counselling him to plead guilty without informing him of his right to an evidentiary inquiry. Kelly received an evidentiary inquiry before pleading guilty. Therefore, there are no facts upon which Kelly can support an allegation of deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Additionally, there are no facts with which to make a showing that there is a reasonable probability that, but for counsel's error, Kelly would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 7
 The remainder of Kelly's arguments on appeal attempt to relitigate the issues involved in his motion to suppress evidence. The issues were raised and answered on direct appeal. Kelly is not now entitled to relitigate those issues in a motion to vacate sentence under 28 U.S.C. § 2255. A federal prisoner may not relitigate in a § 2255 motion to vacate sentence claims that were raised and considered on direct appeal. See United States v. Jones, 918 F.2d 9, 10 (2d Cir.1990); Barton v. United States, 791 F.2d 265, 267 (2d Cir.1986).
 
 
 8
 Accordingly, the request for appointment of counsel is hereby denied and the order of the district court is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Carl B. Rubin, U.S. District Judge for the Southern District of Ohio, sitting by designation