Alan **BRITO**, Petitioner,

v.

**UNITED STATES of America, Respondent.**

Nos. 92 Civ. 8501 (JES), 90 Cr. 369 (JES).

United States District Court, S.D. New York.

March 30, 1993.

58

Alan Brito, pro se.

Otto Obermaier, U.S. Atty., S.D.N.Y., New York City (Robin W. Morey, Asst. U.S. Atty., of counsel), for respondent.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Petitioner in the above-captioned action brings this 28 U.S.C. § 2255 petition to vacate his sentence on the ground of ineffective assistance of counsel at trial. For the reasons that follow, the petition is dismissed.

### BACKGROUND

On October 9, 1990, after a three-day trial, a jury found petitioner Alan Brito ("Brito") guilty of conspiracy to distribute one kilo or more of heroin in violation of 21 U.S.C. § 846 and possession with intent to distribute one hundred or more grams of heroin in violation of 21 U.S.C. § 841(b)(1)(B). On January 9,

1991, the Court sentenced Brito to 121 months imprisonment, five years supervised release, and a $50 special assessment on each count. In sentencing Brito, the Court deferred to the jury's finding as to the amount of heroin in the conspiracy.

On January 16, 1991, Brito filed a notice of appeal. The only argument Brito raised on appeal was a request for a remand because the Court had failed to make independent findings of fact. After Brito filed his brief on appeal, the Government and Brito stipulated to a remand for additional findings of fact by the Court, pursuant to the Second Circuit's ruling in *United States v. Madkour*, 930 F.2d 234, 237–38 (2d Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 308, 116 L.Ed.2d 251 (1991).

On September 20, 1991, the Court made explicit findings that the conspiracy involved one kilogram or more of heroin and that the defendant Brito had personal knowledge of that amount and resentenced Brito to a term of 121 months imprisonment, a supervised release of five years, and a $50 special assessment on each count.

On November 9, 1990, Brito filed a second notice of appeal. Thereafter, Brito's appellate counsel from the Legal Aid Society filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that after reviewing the record, he had concluded that there were no non-frivolous issues to be raised on appeal. The Second Circuit summarily affirmed Brito's conviction by order dated March 6, 1992.

In his § 2255 petition, Brito now attacks his sentence for ineffective assistance of counsel at trial.

### DISCUSSION

■ Where, as here, a defendant has failed to raise a claim on direct appeal, his claim is barred from collateral review on a § 2255 petition unless he can demonstrate "cause" for the default of normal appellate procedure and actual "prejudice" from the alleged violation on which the claim is based. *Campino v. United States*, 968 F.2d 187, 189 (2d Cir.1992); *see also United States v. Frady*, 456 U.S. 152, 164–65, 102 S.Ct. 1584, 1592–93, 71 L.Ed.2d 816 (1981). Under the cause and prejudice test, " '[c]ause' ... must be something *external* to the petitioner,

something that cannot be fairly attributed to him[,]" *Coleman v. Thompson*, — U.S. —, —, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991), and the "prejudice" must be so substantial that it undermines the integrity of the entire trial. *United States v. Frady*, 456 U.S. at 169–70, 102 S.Ct. at 1595–96.

■ All of counsel's alleged deficiencies at trial were known to Brito no later than at the close of trial, when his counsel completed work on his case. Having been thus placed in the possession of all of the facts relating to his claim of ineffective representation, it is not sufficient for Brito to justify a failure to raise this claim on direct appeal by "his former state of ignorance and of acquiescence to [his] plight." *See* Appellant's Response to Government's Response and Memorandum of Law to Appellant's Original § 2255 at 4 ("Petitioner's Br.").

■ In any event, Brito has failed to allege facts sufficient to support a claim of ineffective assistance of counsel. The standards governing ineffective assistance claims are well settled. The defendant must: (1) overcome a strong presumption that his counsel's conduct was reasonable and show that his counsel's representation fell below "an objective standard of reasonableness" under "prevailing professional norms;" and (2) "affirmatively prove prejudice," that is, show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–94, 104 S.Ct. 2052, 2064–68, 80 L.Ed.2d 674 (1984); *see also United States v. Aquirre*, 912 F.2d 555, 560 (2d Cir.1990); *United States v. Reiter*, 897 F.2d 639, 644–45 (2d Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 59, 112 L.Ed.2d 34 (1990); *United States v. Bari*, 750 F.2d 1169, 1182 (2d Cir.1984), *cert. denied*, 472 U.S. 1019, 105 S.Ct. 3482, 87 L.Ed.2d 617 (1985).

Brito's claims of ineffective assistance arise out of his attorney's exercise of professional judgment in planning a trial strategy rather than out of any omission that could, if unreasonable, lay the basis for an ineffective assistance claim. *United States v. Helgesen*, 669 F.2d 69, 72 (2d Cir.1982), *cert. denied*, 456 U.S. 929, 102 S.Ct. 1978, 72 L.Ed.2d 445 (1982). First, Brito claims that counsel failed to seek fingerprint and handwriting analyses on Government Ex. 10, an address book recovered from Brito's wallet when he was arrested. Brito Br. at 8. Numerous attorneys and agents, and possibly Brito himself, handled the book during discovery, and therefore it was too late by the time of the trial, when the significance of the book became apparent, to conduct an accurate fingerprint analysis. Therefore, Brito's attorney's professional judgment that the risk of creating inculpatory evidence by fingerprint and handwriting analyses outweighed the possibility of producing exculpatory evidence was reasonable under these circumstances. Furthermore, counsel's decision to focus his attack on the seizing agent's failure to list the address book on his inventory was a reasonable alternative to seeking an adjournment to request handwriting and fingerprint analyses.

■ Second, Brito claims that his attorney should have argued on summation that since Brito had only been in New York four weeks before his arrest, it was not likely that cautious drug dealers would have trusted him in their conspiracy. While this might have been a reasonable argument for counsel to make in summation, counsel's failure to do so hardly amounts to ineffective assistance of counsel. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight … and to evaluate the conduct from counsel's perspective at the time." *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984); *see also United States v. Jones*, 918 F.2d 9, 11–12 (2d Cir.1990). Under this standard, which "indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *id.* at 12, Brito's trial counsel's performance was reasonable.

## CONCLUSION

The Clerk of the Court is directed to dismiss the petition and close the above-captioned action.

It is **SO ORDERED.**