**UNITED STATES of America,**
**Appellee,**

v.

**Brian WALKER, Defendant–Appellant.**

**No. 00–1624.**

United States Court of Appeals,
Second Circuit.

Nov. 20, 2001.

Elliot H. Fuld, Goldstein, Weinstein & Fuld, Bronx, NY, for appellant.

Michael G. McGovern, Assistant United States Attorney, Southern District of New York; Mary Jo White, United States Attorney, for appellee.

Present MINER, STRAUB, and PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Defendant–Appellant Brian Walker appeals from his conviction after jury trial and the ensuing judgment rendered by the United States District Court for the Southern District of New York (Barbara S. Jones, *Judge*).

On July 23, 1999, Walker was indicted for unlawful possession of a firearm, in violation of 26 U.S.C. § 5861(d), and mail fraud, in violation of 18 U.S.C. §§ 1341 and

2. Walker's trial began on September 28, 1999.

The evidence at trial showed that on February 11, 1996, at approximately 10:30 p.m., while incarcerated at Riker's Island, Walker handed a zip gun to a fellow inmate. On Walker's request, the other inmate shot him through the underside of his upper right arm. While still bleeding, Walker left the cell and went into the "day room" area where he approached a Hispanic inmate and punched him twice in the face. When the fight was broken up, Walker told the Department of Corrections ("DOC") officers that he had felt something hit him in the arm as he walked past the Hispanic inmate and that prompted his attack. The DOC officers searched the area and the inmates and found no weapons. X-rays revealed a metallic fragment in Walker's arm, which led the physician to conclude that Walker had been shot. Based on the physician's conclusion, DOC officials searched the premises at Riker's Island and found parts of a disassembled zip gun and a .38 caliber shell. Ballistics experts concluded the gun was recently fired. Approximately a week later, on or about February 20, 1996, Walker initiated a lawsuit against the City of New York for $30 million in damages, alleging that DOC officers negligently failed to prevent an attack on him. DOC investigators, wary of Walker's claim, arranged for another inmate, Sean Leach, to wear a recording device during a conversation with Walker regarding the events of February 11, 1996. During that conversation, Walker admitted to arranging the injury as part of a scheme to sue the city.

During the pretrial proceedings in District Court, Walker's counsel chose not to stipulate to Walker's identity in the recorded conversation with Leach. At trial, the District Court allowed the admission of the recorded conversation between Leach and Walker to establish Walker's identity. Walker chose not to testify, but his counsel called three other witnesses. Kevin Williams, a convicted felon who was in the "day room" on the night of the incident, was called to testify. Glen Almas, the chief investigator for the Federal Defender Division of the Legal Aid Society, who provided a foundation for Walker's then-pending civil action against the City of New York, was also called to the stand. Lastly, defense counsel called Deputy Warden Richard Filippazzo, who confirmed that the Government did not enter into evidence the bullet jacket that another Government witness testified was found inside the barrel of the zip gun. In her summation, Walker's counsel changed her previous position and conceded that it was Walker's voice in the taped conversation with Leach.

On September 30, 1999, following the three day trial, the jury convicted Walker on both counts. On August 31, 2000, the District Court sentenced Walker to 180 months' imprisonment, followed by three years supervised release and a $200 mandatory special assessment.

In appealing his conviction, Walker first argues that he was denied effective assistance of counsel in violation of the Sixth Amendment. To prevail on a claim of ineffective assistance of counsel, one must meet both prongs of the test described in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the first prong of *Strickland,* a conviction will not be overturned where counsel provided "reasonably effective assistance" to the defendant. *Id.* Even if assistance is found to be ineffective, *Strickland* mandates that the second prong of the test be satisfied. Walker must prove under the second prong that "there is a reasonable probability that, but for counsel's unprofessional errors, the re-

sult of the proceeding would have been different." *Id.* at 693–94, 104 S.Ct. 2052.

 Walker's first claim is that his trial counsel ineffectively failed to effect a pretrial stipulation regarding his identity on the recording, which ultimately led the District Court to permit the introduction of the Government's evidence as proof of Walker's identity. Walker's counsel attempted to keep this highly probative evidence out of the trial as part of her trial strategy. "Actions or omissions by counsel that might be considered sound trial strategy do not constitute ineffective assistance." *United States v. Bayless,* 201 F.3d 116, 130–31 (2d Cir.), *cert. denied,* 529 U.S. 1061, 120 S.Ct. 1571, 146 L.Ed.2d 474 (2000). Morever, although the District Court ruled against Walker's counsel on the introduction of the evidence, lack of success of a counsel's chosen strategy does not warrant judicial second-guessing. *See United States v. DiTommaso,* 817 F.2d 201, 215 (2d Cir.1987); *see also United States v. Jones,* 918 F.2d 9, 11 (2d Cir. 1990) (stating that review of lawyer's advocacy is deferential to the lawyer's perspective at the time). Even if this piece of trial strategy had constituted ineffective assistance, Walker nevertheless must meet the second prong of the *Strickland* test. The Government had substantial evidence of Walker's guilt, and therefore it is improbable that the result would have been different had Walker's counsel entered into a stipulation regarding the tape. *See, e.g., United States v. Simmons,* 923 F.2d 934, 956 (2d Cir.1991) ("[G]iven the plethora of evidence against [appellant], there is little reason to believe that alternative counsel would have fared better.").

 Walker further claims that his counsel's summation amounted to ineffective representation. In summation, Walker's counsel attempted to dilute the weight of the evidence against her client. She conceded that it was Walker's voice on the tape, and that he had fabricated the story for his own protection. In light of the overwhelming government proof, trial counsel's strategic decision to try to maintain credibility with the jury could hardly be considered ineffective assistance of counsel. *See Bayless,* 201 F.3d at 130–31; *United States v. Schmidt,* 105 F.3d 82, 90 (2d Cir.1997). Walker alleges further that his counsel was ineffective for failing to call certain defense witnesses, failing to cross-examine certain government witnesses, and failing to make certain objections during trial, all examples of the kind of strategic decisions left to the discretion of the trial counsel. *See United States v. Luciano,* 158 F.3d 655, 660 (2d Cir.1998).

 Walker also argues that the District Court erred when it permitted the Government to tell the jury that Walker had recently been convicted of a felony and was serving a sentence of between 10 and 20 years. We review the district court's decision regarding the admissibility of evidence for abuse of discretion. *See United States v. Williams,* 205 F.3d 23, 33 (2d Cir.), *cert. denied* 531 U.S. 885, 121 S.Ct. 203, 148 L.Ed.2d 142 (2000). In doing so, we must find that the trial court acted arbitrarily or irrationally. *See United States v. Robinson,* 560 F.2d 507, 515 (2d Cir.1977). "Evidence of prior criminal conduct is admissible under Federal Rules of Evidence 404(b) and 403, if it is relevant to an issue at trial other than the defendant's character, and if its probative value is not substantially outweighed by the risk of unfair prejudice." *Williams,* 205 F.3d at 33 (quoting *United States v. Livoti,* 196 F.3d 322, 326 (2d Cir.1999)). Rule 404(b) of the Federal Rules of Evidence provides that evidence of other crimes or bad acts may be introduced to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or

accident." Fed.R.Evid. 404(b). In applying Rule 404(b), this Court has adopted an inclusionary approach to the rule; as long as the evidence is not offered to prove propensity it is admissible under the rule. *See United States v. O'Connor,* 580 F.2d 38, 40 (2d Cir.1978). Once a court has determined that the evidence is admissible under Rule 404(b), it must then balance the probative value of the evidence against its prejudicial impact for purposes of Rule 403. *See United States v. Benedetto,* 571 F.2d 1246, 1248 (2d Cir.1978). As a final protection against unfair prejudice, the court must instruct the jury that it may use the 404(b) evidence only for the purposes for which it was offered and not as an indication of criminal propensity. Fed. R.Evid. 105.

The District Court allowed the Government to introduce evidence that Walker pled guilty to a felony carrying a possible term of 10 to 20 years' imprisonment. This use of the evidence was permissible to prove Walker's identity under Rule 404(b). Walker's identity as the second speaker on the tape-recorded conversation with Leach was clearly disputed at trial. On the tape, the second speaker told Leach that he had "copped out" to "10 to 20." Therefore, evidence that Walker had recently pled guilty to a felony carrying a potential 10– to 20–year term of imprisonment tended to show that he was the second speaker on the tape. Under Rule 403, this evidence of Walker's identity in the conversation regarding the alleged scheme was substantially probative. The prejudicial impact was slight in light of the jury's knowledge that Walker already was incarcerated at the time of the incident. At the conclusion of the trial, the District Court carefully instructed the jury regarding the evidence in an effort to prevent any unfair prejudice to Walker. There is no showing of abuse of discretion.

We have examined all of Walker's contentions and find them to be without merit. For the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.