USA v. Turcotte                    CR-03-177-B    11/19/03

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE


**United States of America**

    **v.**                                       Criminal No. 03-177-01-B
                                        Opinion No. 2003 DNH 232
**Travis Turcotte**


### MEMORANDUM AND ORDER

Travis Turcotte and Mitchell Edward were arrested February 26, 2003 for conspiracy to rob McDonald's on Fisherville Road in Concord, New Hampshire.  Turcotte now moves to suppress all evidence gathered directly or indirectly as a result of his arrest on the grounds that there were intentional material omissions in the affidavit in support of the arrest warrant and, but for those omissions, probable cause for the warrant would not have been found.[1]  Citing Franks v. Delaware, 438 U.S. 154 (1978), he seeks an evidentiary hearing on his motion.  Although

---

[1] Turcotte also argues that he was questioned immediately subsequent to his arrest without being advised of his Miranda rights and that the statements he made should be suppressed.  The government has informed the court that it will not use Turcotte's statements in its case in chief.  Turcotte's Miranda claim is therefore moot and I need not consider it at this time.

I agree that the affiant omitted information that should have been brought to the attention of the judge who issued the warrant, I reject Turcotte's request for a hearing because the omitted information would not have affected the issuing judge's probable cause finding.

"A Franks hearing is required 'where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause.'" United States v. Santana, 342 F.3d 60, 66 (1st Cir. 2003) (quoting Franks, 438 U.S. at 155). "A material omission of information may also trigger a Franks hearing." United States v. Castillo, 287 F.3d 21, 25 (1st Cir. 2002) (citing United States v. Hadfield, 918 F.2d 987, 992 (1st Cir. 1990)). "With an omission, [however,] the inquiry is whether its inclusion in an affidavit would have led to a negative finding by the magistrate on probable cause." Castillo, 287 F.3d at 25 n.4 (emphasis in original). In determining probable cause for the issuance of the warrant, I must evaluate the "totality of the circumstances" to see if the inclusion of the omitted information would have

2

prevented a finding of probable cause. Id. at 26. Turcotte must therefore make a "substantial preliminary showing" that the omissions he cites were "made knowingly and intentionally" or "with reckless disregard for the truth" and that the omissions were "necessary to the finding of probable cause." Franks, 438 U.S. at 155-56. Because I find the omissions to not be necessary to the finding of probable cause given the totality of the circumstances, I deny Turcotte's motion.

Turcotte argues that the affidavit supporting the arrest warrant omitted three key facts that, had they been disclosed, would have negated any finding of probable cause. He asserts that the affiant omitted exculpatory physical characteristics of Turcotte, omitted damaging credibility evidence regarding the informant, Kelly Moya, and omitted information involving other suspects who could have committed the crime. I evaluate each omission in turn.

Turcotte contends that the affidavit fails to disclose the fact that his physical characteristics are inconsistent with the physical description of the assailants provided by the eye witness, Dana Vandermark. Mr. Vandermark described his assailants as "kids," teenagers who were less than 20 years old.

3

He described them as white males, with one around 5'1"-5'2" and the other about 5'7" or taller, and both wearing black and white bandanas on their faces and heads. Additionally, Mr. Vandermark heard one assailant refer to the other as "Craig." Turcotte notes in contrast that he is a light-skinned black male, is 6' tall, weighs 230 pounds, is 23 years old, and neither he nor the other party charged with the crime are named Craig.[2] Turcotte argues that the affidavit failed to disclose these exculpatory characteristics and failed completely to describe Mitchell Edward, the other party charged with the crime, who is a white male, 175 pounds, and 6'1"-6'2".

The affidavit, however, does lay out some of these discrepancies and those that are omitted are not enough to negate the finding of probable cause. The affidavit sets out the witnesses' description of the two robbers as two white males, both less than twenty years old, both with black and white bandanas covering their faces and heads, one as 5'1"-5'2" and the other as 5'7". It also notes that one of the robbers referred to the other as "Craig." What it failed to note is that Turcotte is

_____

[2] Turcotte's first name is Travis and the other party charged with the crime is Mitchell Edward.

4

6' tall. The inclusion of a height discrepancy of a few inches, however, is not enough to defeat a finding of probable cause given the other information provided in the affidavit, namely the inclusion of corroborated information from an informant, Kelly Moya, that implicated Turcotte and Edward as the perpetrators.

Turcotte also argues that damaging credibility information regarding Moya's background was omitted from the affidavit, and had it been included, her testimony would not have been relied upon and therefore probable cause would not have been found. Turcotte maintains that while the affidavit indicated that Moya had been fired two days prior to the robbery attempt, it failed to note that the police had been informed that Moya was angry at McDonald's because of the firing. Turcotte also complains of the fact that the affiant fails to disclose Moya's prior convictions for [describe criminal record]. While Turcotte is correct in asserting that the affidavit incorrectly fails to disclose Moya's past criminal record, Moya's statement is sufficiently reliable given the corroboration of her statement by the police.

Moya's statement chronicles how Turcotte and Edward approached her at a party on how to rob McDonald's on Fisherville Road. Moya became nervous that Turcotte and Edward were serious

5

about the robbery, and tried to distract them by offering to get them marijuana.  She said she then called McDonald's to get the phone number of a co-worker whom she knew could get her marijuana.  The police confirmed in the affidavit that Moya did call McDonald's that night.  Moya also related how Turcotte confessed information regarding the robbery to her that had not been released to the press and would have been information only someone involved in the robbery would have known, further corroborating her statement.  Additionally, Moya conveyed information about a stolen car used by Turcotte and Edward for the robbery.  This car was stolen from the Market Basket parking lot on Fort Eddy Road and abandoned in Manchester.  The police corroborated this as well.  Where the affidavit shows independent corroboration of information provided by a named informant, as it does here, the criminal background of that informant is not enough to make the informant unreliable and bar a probable cause determination.  See United States v. Nocella, 849 F.2d 33, 41 (1st Cir. 1988) (finding an informant to be sufficiently reliable after noting that there was independent corroboration for much of the information that the informant had provided).  For this reason, even if the affidavit had included Moya's criminal

6

background, as it should have, it would not have been enough to defeat a finding of probable cause given the totality of the circumstances because of the independent corroboration of much of Moya's information.

Finally, Turcotte argues that the affidavit wrongfully excluded information regarding another suspect, Patrick Conley, whom Turcotte claims more closely resembles the description of one of the assailants as provided by Mr. Vandermark. In fact, the police had previously obtained a warrant to search Conley's residence and had focused their investigation on him until he provided an alibi. While Turcotte is correct that this information should have been included in the affidavit, it is still not enough to defeat a finding of probable cause because the affidavit contained ample evidence implicating Turcotte and what little evidence implicated Conley was undermined by his alibi. In short, there was sufficient information provided in the affidavit implicating Turcotte that even if Conley's information had been provided, probable cause to arrest Turcotte would still have existed.

Because the omissions in the affidavit identified by Turcotte would not have negated a finding of probable cause even

7

if they had been included, I reject Turcotte's request for a

<u>Franks</u> hearing and deny his motion to suppress (Doc. No. 12).

SO ORDERED.


_____
Paul Barbadoro
Chief Judge

November 19, 2003

cc:  Jonathan Saxe, Esq.
     Terry Ollila, AUSA
     United States Marshal
     United States Probation