**William BARTON, Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

No. 744, Docket 85–2299.

United States Court of Appeals,
Second Circuit.

Argued Jan. 27, 1986.

Decided May 28, 1986.

David A. Lenihan, Albany, N.Y., for plaintiff-appellant.

William C. Bryson, Atty., U.S. Dept. of Justice, Washington, D.C. (Salvatore R. Martoche, U.S. Atty., W.D.N.Y., of counsel), for defendant-appellee.

Before FRIENDLY, OAKES and WINTER, Circuit Judges.[*]

PER CURIAM:

Appellant William Barton was tried along with several codefendants and was convicted, after a jury trial in the United States District for the Western District of New York, on two conspiracy charges. Barton was sentenced to a total of ten years' imprisonment. His conviction was affirmed by this court, *United States v. Barton*, 647 F.2d 224 (2d Cir.), *cert. denied*, 454 U.S. 857, 102 S.Ct. 307, 70 L.Ed.2d 152 (1981).

Barton subsequently filed a petition in the District Court for the Western District of New York under 28 U.S.C. § 2255 (1982) to vacate the conviction, primarily on the ground that the indictment was returned on April 12, 1979, by a grand jury impaneled on October 12, 1977. According to Barton this was one day too late since at the time the indictment in this case was handed down Fed.R.Crim.P. 6(g) provided that "[a] grand jury shall serve until discharged by the court but no grand jury may serve more than 18 months." [1]

The same point was raised before the trial by a co-defendant, Rosario Chirico, and was rejected. Chirico raised it again on the appeal to this court, which found the claim meritless and not deserving of "extended discussion," 647 F.2d at 229–30 & n. 6. Observing that this court had previously reviewed the point raised by Barton on this section 2255 petition, the district court, Michael A. Telesca, Judge, ordered that the petition be dismissed. A check of the briefs filed in the previous appeal reveals that appellant did in fact "adopt by reference the brief of Rosario Chirico in its entirety." Thus, he raised the very argument here advanced.

Citing *Sanders v. United States*, 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963); *Williams v. United States*, 731 F.2d 138, 141–43 (2d Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 956, 83 L.Ed.2d 963 (1985); *Sperling v. United States*, 692 F.2d 223, 225–26 (2d Cir.1982), *cert. denied*, 462 U.S. 1131, 103 S.Ct. 3111, 77 L.Ed.2d 1366 (1983); and *Alessi v. United States*, 653 F.2d 66, 69 (2d Cir.1981), the Government urges that we should not consider Barton's section 2255 petition on the merits since it falls under the criteria stated in *Sanders*, 373 U.S. at 15, 83 S.Ct. at 1077, for giving controlling weight to a determination of an issue previously raised: that (1) the same ground was previously resolved against the applicant, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits

---

[*] Subsequent to argument, Judge Friendly died. Prior to his death, he voted to affirm the judgment.

1. The rule was amended in 1983 to permit the court to extend the service of the grand jury for a period of up to six months upon a determination that such extension is in the public interest.

of the subsequent application. In all the cases the Government cites, the earlier decision was made on a prior application under 28 U.S.C. § 2255, which provides that "[t]he sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner," rather than on direct appeal.

While section 2255 does not expressly authorize the court to refuse to entertain an otherwise appropriate section 2255 petition on the ground that the point raised on appeal had previously been decided on direct appeal, numerous cases have held that section 2255 may not be employed to relitigate questions which were raised and considered on direct appeal. Several of these are from our circuit. *See Giacalone v. United States*, 739 F.2d 40, 42 (2d Cir. 1984); *United States v. Natelli*, 553 F.2d 5, 7 (2d Cir.), *cert. denied*, 434 U.S. 819, 98 S.Ct. 59, 54 L.Ed.2d 75 (1977); *Meyers v. United States*, 446 F.2d 37, 38 & n. 1 (2d Cir.1971); *Castellana v. United States*, 378 F.2d 231, 232–33 (2d Cir.1967). Other circuits have held to the same effect. *See, e.g., United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir.1981); *Ordonez v. United States*, 588 F.2d 448, 448–49 (5th Cir.), *cert. denied*, 441 U.S. 963, 99 S.Ct. 2409, 60 L.Ed.2d 1068 (1979); *Egger v. United States*, 509 F.2d 745, 748 (9th Cir.), *cert. denied*, 423 U.S. 842, 96 S.Ct. 74, 46 L.Ed.2d 61 (1975); *Jackson v. United States*, 495 F.2d 349, 351 (8th Cir.1974); *McGuinn v. United States*, 239 F.2d 449, 450–51 (D.C.Cir.1956), *cert. denied*, 353 U.S. 942, 77 S.Ct. 818, 1 L.Ed.2d 762 (1957). While this rule may not apply in certain circumstances, e.g., where the issues were not raised at all on direct appeal due to ineffective assistance of counsel, *see Dozier v. United States District Court*, 656 F.2d 990, 992 (5th Cir.1981), or where an intervening change of law occurred, *United States v. Loschiavo*, 531 F.2d 659, 662–66 (2d Cir.1976), such circumstances are not presented here.

Judgment affirmed.