**Willie KIMBROUGH, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Nos. 90 Civ. 7503 (JES), 88 Cr. 252 (JES).**

United States District Court, S.D. New York.

Jan. 29, 1991.

---

Willie Kimbrough, pro se.

Otto G. Obermaier, U.S. Atty., S.D.N.Y. (Elliot R. Peters, Asst. U.S. Atty., of counsel), New York City, for respondent.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

Petitioner in the above-captioned action brings this petition under 28 U.S.C. § 2255 to challenge the admission of certain evidence seized pursuant to a search warrant. For the reasons that follow, the petition is dismissed.

### BACKGROUND

On April 27, 1988, an indictment was filed against Willie Kimbrough, charging, *inter alia*, possession with intent to distribute cocaine base. Prior to trial, petitioner moved to suppress the fruits of a search of the fifth floor apartment at 303 West 116th Street in Manhattan. This Court denied the motion. Subsequently, after a jury trial, petitioner was convicted of possession with intent to distribute more than fifty grams of cocaine base. *See* 21 U.S.C. §§ 812, 841(a)(1), (b)(1) (1988). That conviction was affirmed by an unpublished Memorandum Opinion on May 5, 1989. 876 F.2d 891 (2nd Cir.1989).

### DISCUSSION

Petitioner advances two grounds which he claims entitle him to relief, both of which relate to his motion to suppress the evidence obtained from the fifth floor apartment. His first contention is that there was no evidence which connected the fifth floor apartment with the drug trafficking activities on the first floor of that building, and thus probable cause for the issuance of a search warrant for the fifth floor apartment was lacking. The Memorandum Opinion issued by the Second Circuit expressly addressed the contention that there was no probable cause to search the fifth floor apartment and held that this Court did not err in denying the motion to suppress the fruits of the search.

Petitioner's second contention is that because the fifth floor apartment was rented he did not have complete control over that apartment as alleged by the government. Petitioner raised this issue on appeal when he argued that the agents acted in bad faith when they stated that the fifth floor apartment was controlled by petitioner.[1] The Second Circuit stated that all of petitioner's arguments had been considered and found to be without merit. Accordingly, since both of petitioner's contentions in this habeas corpus petition were raised and considered on direct appeal these questions cannot be relitigated on a Section 2255 application. *Barton v. United States*, 791 F.2d 265, 267 (2d Cir.1986).

### CONCLUSION

Accordingly, petitioner's motion is denied. The Clerk of the Court is directed to dismiss the petition and close the above-captioned action.

It is SO ORDERED.

---

1. To the extent that Kimbrough claims that the apartment was in fact rented, that circumstance could have no bearing upon the truth of the agent's affidavit in support of the search warrant which stated that Kimbrough owned the building and that the apartment had not been rented, at least in the absence of some showing, not made here, that the agents were aware of that information at the time that they filed the affidavit.