945 F.2d 405
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eugene T. HARPER, Jacqueline Harper, Defendants-Appellants.
 No. 91-1578.
 United States Court of Appeals, Sixth Circuit.
 Sept. 24, 1991.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Eugene T. Harper and Jacqueline Harper, pro se federal prisoners, appeal a district court judgment denying their motions to reduce their sentences filed pursuant to 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Dr. Eugene Harper and his wife Jacqueline were indicted on one count of conspiracy to distribute controlled substances, and thirty-one counts of mail fraud for overbilling Blue Cross/Blue Shield for podiatric services that were either not medically necessary or that were never performed. After the third day of trial, defendants entered guilty pleas to conspiracy to distribute controlled substances, and to thirty-one counts of mail fraud. Dr. Harper was sentenced to 78 months imprisonment, three years supervised release, restitution and a special assessment. Ms. Harper was sentenced to 51 months imprisonment, supervised release, restitution and a special assessment. On direct appeal, defendants, who were represented by counsel, argued that they received ineffective assistance of counsel, and that their sentences were improperly calculated under the United States Sentencing Guidelines. This court affirmed the convictions from the bench pursuant to Rule 19 of the Local Rules for the Sixth Circuit (USA v. Harper, et al, No. 89-1903 (6th Cir. March 19, 1990)). The court later denied the defendants' petition for a rehearing en banc of the court's decision.
 
 
 3
 Thereafter, defendants filed several pro se motions in the district court seeking to have their sentences reduced. Specifically, defendants filed a motion for a new judge, and two motions pursuant to § 2255 to reduce their sentences alleging that their pleas were involuntary because they received ineffective assistance of counsel, and because of a Fed.R.Crim.P. 32(c)(3)(D) violation. Defendants also filed a motion under 18 U.S.C. § 3582 for a reduction of sentence based upon an amendment to the sentencing guidelines. The district court denied all the motions, finding that recusal was not warranted, that defendants were not entitled to relief under § 2255 because their guilty pleas were voluntarily entered, and that defendants were not eligible to have their sentences reduced under 18 U.S.C. § 3582 because the guideline amendment cited to did not apply to the drugs defendants were charged with distributing.
 
 
 4
 On appeal, defendants reassert their claims, and have filed a motion for bond, and a motion for in forma pauperis status on appeal. Defendants additionally argue that their excessive sentences violate the eighth amendment prohibition against cruel and unusual punishment.
 
 
 5
 Upon review, we affirm the district court's judgment. Defendants' claims regarding ineffective assistance of counsel and improper calculation of their sentencing guidelines may not be relitigated in this § 2255 collateral proceeding because the claims were addressed and rejected on direct appeal. See Barton v. United States, 791 F.2d 265, 267 (2d Cir.1986) (per curiam); Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975). The district court did not violate Fed.R.Crim.P. 32(c)(3)(D) because the controverted matters referred to were either addressed at the sentencing hearing, not taken into account, or stipulated to. Moreover, even if we were to accept the truth of defendants' allegations, defendants have suffered no prejudice because both of them were sentenced at the lowest end of the applicable guideline range.
 
 
 6
 The district court also properly denied the motion for a new judge because recusal was sought for judicial rather than extrajudicial action. See Easley v. University of Mich. Bd. of Regents, 853 F.2d 1351, 1355-56 (6th Cir.1988). The defendants were also not entitled to resentencing under 18 U.S.C. § 3582 because the 1990 amendments to the sentencing guidelines did not apply to the drugs the defendants were charged with distributing.
 
 
 7
 Finally, we do not address defendants' eighth amendment claim because it was not first presented to the district court. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987).
 
 
 8
 Accordingly, the motion for in forma pauperis status is granted for the limited purpose of permitting review in this case, the motion for bond is denied as moot, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.