948 F.2d 1288
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Derrick H. DAVIS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-3742.
 United States Court of Appeals, Sixth Circuit.
 Nov. 27, 1991.
 
 Before KENNEDY and BOGGS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se federal prisoner appeals the district court's judgment denying his motion to vacate, set aside or correct sentence filed under 28 U.S.C. § 2255. He has filed a motion for the appointment of counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial, Derrick Davis was convicted on a five-count indictment including conspiracy to distribute cocaine, possession with intent to distribute cocaine, and interstate transportation in aid of racketeering enterprises. He was sentenced to serve 151 months imprisonment. His conviction was affirmed by the Sixth Circuit Court of Appeals. United States v. Davis, No. 89-3633 (6th Cir. Jan. 4, 1991) (per curiam).
 
 
 3
 While his direct appeal was pending, Davis filed a Fed.R.Civ.P. 60(b) motion for relief from judgment which the district court construed as a § 2255 motion to vacate. The district court dismissed the motion for lack of jurisdiction. The district court's decision was affirmed. United States v. Davis, No. 90-3956 (6th Cir. April 10, 1991).
 
 
 4
 Davis then filed the motion which is the basis of this appeal. He presented two grounds for relief: ineffective assistance of trial counsel and ineffective assistance of counsel on appeal. The ineffective assistance of trial counsel claim was based on allegations of a conflict of interest, the absence of counsel during a pretrial interview with a presentence investigation officer, and counsel's failure to call favorable witnesses. The ineffectiveness of appellate counsel was based on counsel's failure to present the pretrial interview issue or to file a petition for rehearing following the direct appeal.
 
 
 5
 The district court determined that challenges to the competency of trial counsel had been addressed on direct appeal and that the possibilities of a rehearing on the direct appeal were "remote." The district court dismissed the motion to vacate sentence.
 
 
 6
 Upon review, we conclude that the district court properly dismissed claims of ineffective assistance of counsel on appeal and claims of ineffective assistance of trial counsel based on the alleged absence of counsel at the presentence investigation interview and on the alleged failure to call favorable witnesses. However, we further conclude that the judgment dismissing the claim of ineffective assistance of trial counsel based on a conflict of interest should be remanded for further consideration by the district court.
 
 
 7
 A federal prisoner may not relitigate in a § 2255 motion to vacate sentence claims that were raised and considered on direct appeal. See United States v. Jones, 918 F.2d 9, 10 (2d Cir.1990); Barton v. United States, 791 F.2d 265, 267 (2d Cir.1986). A federal prisoner is further barred from asserting claims that could have been brought on direct appeal, absent a showing of cause and prejudice for the failure to bring those claims. See United States v. Frady, 456 U.S. 152, 167-68 (1982).
 
 
 8
 Davis's allegation that counsel erred by failing to call favorable witnesses was previously considered on the merits and was properly dismissed. See Barton, 791 F.2d at 267.
 
 
 9
 The claim arising from the alleged absence of counsel at a presentence investigation interview was not raised on direct appeal. This claim was properly dismissed because Davis failed to show cause and prejudice for the procedural default. See Frady, 456 U.S. at 167-68.
 
 
 10
 Davis failed to establish his claim that appellate counsel was ineffective because he did not demonstrate that counsel's performance was deficient. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Appellate counsel simply is not required to raise every nonfrivolous ground that might be raised on appeal. See Jones v. Barnes, 463 U.S. 745, 751 (1983).
 
 
 11
 Review of the record reveals that Davis's arguments on direct appeal included a conflict of interest claim based on dual representation. It is not clear, however, that this claim was addressed on the merits; the language of the opinion is ambiguous. The court held that, of the several arguments, "none ... sufficiently establishes defense counsel's performance to be deficient and that such deficiency prejudiced his defense." See Davis, No. 89-3633, slip op. at 4. Nevertheless, the discussion that followed this statement addressed the merits of some of the claims without indicating either that claims so addressed were merely representative or that the list was inclusive.
 
 
 12
 Moreover, claims of ineffective assistance of counsel generally are not addressed on direct appeal since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegation. See United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990). In light of the general rule against addressing ineffective assistance claims on direct appeal and the ambiguous language in the opinion affirming the conviction, the conflict of interest claim is remanded to the district court for consideration on the merits.
 
 
 13
 Accordingly, the motion for appointment of counsel is denied. The district court's judgment dismissing the claims based on allegations of ineffective assistance of appellate counsel is affirmed. The judgment dismissing claims of ineffective trial counsel based on the failure to call favorable witnesses and the absence of counsel at the presentence investigation interview is also affirmed. To the extent the judgment of the district court dismissed the ineffective assistance of trial counsel claim based on a conflict of interest, the district court's judgment is vacated and the matter is remanded for further consideration. Rule 9(b)(3), Rules of the Sixth Circuit.