4 F.3d 993
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Derrick H. DAVIS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-4318.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1993.
 
 1
 Before JONES and NORRIS, Circuit Judges, and CLELAND, District Judge.*
 
 ORDER
 
 2
 Derrick H. Davis, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate, set aside or correct his sentence filed pursuant to 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Following a jury trial, Davis was convicted of conspiracy to distribute cocaine, possession with intent to distribute cocaine, and interstate transportation in aid of racketeering enterprises. He was sentenced to 151 months imprisonment. His conviction was affirmed on appeal. United States v. Davis, No. 89-3633 (6th Cir. Jan. 4, 1991) (per curiam) (unpublished).
 
 
 4
 While his direct appeal was pending, Davis filed a Fed.R.Civ.P. 60(b) motion for relief from judgment which the district court construed as a Sec. 2255 motion to vacate. The district court dismissed the motion for lack of jurisdiction. The district court's decision was affirmed. United States v. Davis, No. 90-3956 (6th Cir. April 10, 1991) (unpublished).
 
 
 5
 Once Davis's direct appeal was completed, he filed his Sec. 2255 motion alleging two separate grounds for relief, including several issues within each ground. The first ground, ineffective assistance of trial counsel, included the following allegations: conflict of interest, absence of counsel during a pretrial interview with a presentence investigation officer, and counsel's failure to call favorable witnesses. The second ground, ineffective assistance of appellate counsel, pertained to counsel's alleged failure to argue the pretrial interview issue or to file a petition for rehearing following the direct appeal.
 
 
 6
 The district court dismissed the Sec. 2255 motion as to the first claim on the ground that the Sixth Circuit had "comprehensively addressed" Davis's arguments. Davis's second claim was dismissed because the district court did not feel that appellate counsel's performance was deficient, based on the Sixth Circuit's determination that Davis's claims were "bare allegations, without proof in support".
 
 
 7
 On appeal, the Sixth Circuit affirmed the district court's ruling as to the claims regarding appellate counsel. The decision was also affirmed as to every aspect regarding trial counsel except one: the conflict of interest issue. The Sixth Circuit remanded this issue to the district court for further review.
 
 
 8
 On remand, the district court held an evidentiary hearing on the issue of conflict of interest. In a memorandum opinion and order filed November 30, 1992, the district court concluded that the record did not support the claim for ineffective assistance of counsel based on conflict of interest and denied the Sec. 2255 motion. On appeal, Davis reasserts his ineffective assistance of counsel claim based upon the alleged conflict of interest. He also asserts that the trial court and prosecutor were aware of the conflict of interest but failed to make inquiry. He further claims that he never waived the conflict of interest.
 
 
 9
 Initially, we note that the only issue properly before this court is the ineffective assistance of counsel claim based upon the alleged conflict of interest. All other issues asserted in Davis's appellate brief are not reviewable as they were not raised for the first time in the district court. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991).
 
 
 10
 Upon review, we affirm the district court's judgment because Davis fails to show a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). To establish a claim of ineffective assistance of counsel based upon a conflict of interest, Davis must show an actual conflict and prejudice resulting from the conflict. See Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir.), cert. denied, 484 U.S. 870 (1987).
 
 
 11
 Davis has failed to show the existence of an actual conflict regarding trial counsel's representation of a government witness. Testimony at the evidentiary hearing revealed that Davis's trial counsel did not know of the Davis-Powell link prior to the revelation in the debriefing session. Moreover, the record fails to show that trial counsel convinced Powell to cooperate with the government and incriminate Davis. In fact, a review of the trial transcript, specifically the cross-examination of Powell by Davis's counsel, shows that Powell's testimony against Davis was effectively handled by counsel. Trial counsel was able to attack Powell's credibility vigorously with information provided by Davis. Thus, even if an actual conflict existed, the prejudice prong is not met.
 
 
 12
 Davis has also failed to show the existence of an actual conflict with respect to his codefendant, Curtis Adams. A review of this court's decision in Davis's direct appeal reveals that this court considered the issue of the codefendants' testimony in light of Strickland v. Washington, 466 U.S. 668 (1984), and determined that not having Adams take the stand "may have been an intelligent tactical decision, as [his] testimony would have been very damaging." United States v. Davis, No. 89-3633 at 4. Section 2255 may not be used to relitigate issues which were raised and considered on direct appeal. Barton v. United States, 791 F.2d 265, 267 (2d Cir.1986) (per curiam).
 
 
 13
 Even if this claim had not been previously determined, the testimony presented at the evidentiary hearing revealed that trial counsel's decision to intervene by prompting Adams to plead guilty was a tactical decision with Davis's best interest in mind. Thus, Davis has not met his burden of proving that counsel's performance was deficient and his ineffective assistance of counsel claim in this respect must fail. Strickland, 466 U.S. at 687.
 
 
 14
 For the foregoing reasons, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert H. Cleland, U.S. District Judge for the Eastern District of Michigan, sitting by designation