Stanley M. PHILLIPS, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 92–CR–67.

United States District Court, N.D. New York.

Nov. 15, 1993.

Stanley M. Phillips, pro se.

Gary L. Sharpe, U.S. Atty. (Charles Roberts, of counsel), N.D.N.Y., Syracuse, NY, for respondent.

## MEMORANDUM–DECISION AND ORDER

McAVOY, Chief Judge.

## I. BACKGROUND

On June 30, 1992, Petitioner Stanley M. Phillips ("Petitioner") plead guilty to one count of mail fraud in violation of 18 U.S.C. § 1341. On September 14, 1992, Petitioner was sentenced by this Court to a twenty (20) month term of imprisonment. The sentence was affirmed on appeal.

This opinion consolidates motions made by petitioner in letters dated September 24, October 1, 12 and 18, 1993. The gravamen of Petitioner's various motions are: 1) this court based Petitioner's sentence on inaccurate information contained in the pre-sentencing report; 2) Petitioner's court-appointed counsel on appeal pursued his appeal contrary to Petitioner's direction, thereby denying his right to effective representation by counsel; 3) Petitioner's blindness renders his sentence excessive in comparison to others convicted of similar crimes; 4) Petitioner is being denied his right of access to the courts because legal materials in Braille are not available in his prison; and, 5) Petitioner's twenty month sentence should be deemed to have commenced at the time of his arraignment, not at the time of his incarceration.

## II. DISCUSSION

By Petitioner's letter of October 1, 1993, Petitioner requests the court to reconsider its order dated September 23, 1993. The Petitioner there sought to have his imprisonment sentence reduced from twenty (20) months to fifteen (15) months, on grounds that he had not been given any furloughs; he allegedly had been moved from one facility to another repeatedly; he had health problems;

and he had learned his lesson. Because Petitioner's motion satisfied none of the grounds for modifying or reducing a sentence under 18 U.S.C. § 3582(c), this court denied that motion with prejudice.

The instant motion for reconsideration raises no new grounds to permit this court to modify or reduce Petitioner's sentence pursuant to 18 U.S.C. § 3582(c). As indicated in this court's order dated September 23, 1993, § 3582(c) permits modification or reduction of a sentence only when certain specific circumstances are present. Petitioner did not allege in his previous motion, nor does he now allege, facts supporting the requisite circumstances.

Petitioner does raise some claims which could properly be brought under 28 U.S.C. § 2255. Because Petitioner applies as a *pro se* litigant, this court amends his pleadings *sua sponte* to conform with 28 U.S.C. § 2255.

### A. Sentence based on inaccurate information

Petitioner claims that his sentence is excessive because his pre-sentencing investigation report contained inaccurate information. Specifically, he claims that his sentencing score was erroneously increased due to the improper inclusion of a previous misdemeanor as a felony. He further claims that his sentence should have been lowered based on his medical condition.

Petitioner's claim of improper inclusion of a felony was raised and rejected on direct appeal. 28 U.S.C. § 2255 states that "[t]he sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." The Second Circuit in *Barton v. United States*, 791 F.2d 265 (2d Cir.1986), held that a similar rule should apply to issues first raised on direct appeal and that, with certain exceptions, "section 2255 may not be employed to relitigate issues which were raised and considered on direct appeal." *Id.* at 267. The court in *Barton* noted that this rule should not be applied in cases where, for example, the issues were not raised at all on direct appeal due to ineffective assistance of counsel. *Id.* This narrow exception is inap-

plicable to Petitioner's claim. The issue was directly raised on appeal, discussed and dismissed by the Second Circuit, and, for reasons outlined below, Petitioner was afforded effective assistance of counsel.

■ Petitioner's claim as to a deserved reduction in his sentencing score due to his medical condition is similarly without merit. Petitioner claims that he should have been afforded an opportunity to present evidence regarding his blindness and other infirmities prior to sentencing in order to obtain a reduction in his sentencing score. The Sentencing Guidelines do not provide for point reductions based on an offender's physical characteristics, though they do indicate that "an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range." United States Sentencing Commission, *Guidelines Manual* § 5H1.4.

The pre-sentencing report contained information indicating Petitioner's medical condition, but the court chose not to depart from the applicable guidelines. While Petitioner correctly asserts that this court does have jurisdiction to correct errors in pre-sentence investigation reports, the alleged error would not have changed petitioner's score, and thus, the court did not err in its decision.

### B. Ineffective counsel

■ Petitioner's claim that he received ineffective assistance of appellate counsel is also barred by *Barton.* The Second Circuit had denied Petitioner's request for new counsel, and specifically rejected Petitioner's claim of ineffective counsel, stating, "[a]t both oral argument and in his written briefs, Porter provided effective representation in a case that was destined to lose." *United States v. Phillips,* No. 92–1574, slip op. at 4 (2d Cir. June 11, 1993). The court further gave Petitioner additional time to prepare his own *pro se* brief, which the court considered and rejected.

Since Petitioner's claim of ineffective counsel has already been considered fully on direct appeal, this court will not consider it under 28 U.S.C. § 2255.

### C. Disparity in sentencing

■ Petitioner claims that, while his sentence may have been within the proper limits of the Federal Sentencing Guidelines, his blindness and other medical problems increase the severity of his punishment. It is thus alleged that this increased severity renders his punishment excessive in comparison with others convicted of similar crimes.

As discussed above, Petitioner's pre-sentencing investigative report informed the court of his medical condition. While § 5H1.4 of the Federal Sentencing Guidelines permits the court to reduce a sentence below applicable guidelines where a prisoner suffers extraordinary physical impairment, the Guidelines *do not* require such a departure. In light of the Petitioner's condition and the circumstances of his crime, the court had decided to sentence Petitioner within applicable guidelines. This court will not disturb that sentence.

### D. Denial of access to the courts

■ Petitioner also alleges that his blindness and the lack of access to legal materials printed in Braille effectively deny him of his right to access the courts.

In *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), the Supreme Court held that a prisoner's right to access the courts, which is guaranteed by the Fourteenth Amendment, "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or* adequate assistance from persons trained in the law." *Id.* at 828, 97 S.Ct. at 1498 (emphasis added). The Second Circuit, in *Spates v. Manson,* 644 F.2d 80, 84–85 (2d Cir.1981), emphasized the fact that *either* access to a law library *or* assistance from persons trained in the law is sufficient to guarantee the prisoner's right to access the courts.

This court accepts, for the purposes of this motion, that Petitioner's blindness effectively denied him access to the prison law library. Petitioner, however, has failed to allege that there is no legal assistance program for prisoners at his prison, and this court will not assume that to be the case. If the Petitioner

is being denied access to persons trained in the law, he may raise a claim of denial of his right to access the courts in a separate motion. At the present moment, however, there is no basis for a claim that Petitioner's rights were violated.

Lastly, Petitioner's contention that his sentence should be deemed to have commenced at the time of his arraignment is frivolous. Thus, the Petitioner has failed to advance a legal basis for a grant of any part of the relief requested. Because this decision disposes of Petitioner's post-conviction motions, Petitioner's request for the appointment of counsel has been mooted.

## III. CONCLUSION

For the reasons discussed herein, it is hereby

**ORDERED,** that Petitioner's motion under 28 U.S.C. § 2255 is **denied.**

**IT IS SO ORDERED.**