41 F.3d 1506
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Freddie N. JACKSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-5524.
 United States Court of Appeals, Sixth Circuit.
 Nov. 10, 1994.
 
 1
 Before: NORRIS and SUHRHEINRICH, Circuit Judges, and MILES, District Judge.*
 
 ORDER
 
 2
 Freddie N. Jackson, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate, correct, or set aside his sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A jury convicted Jackson in October 1991 of attempting to possess with intent to distribute approximately 2.3 grams of cocaine base in violation of 21 U.S.C. Sec. 846. Jackson, then a deputy official at the Shelby County (Tennessee) Jail, had been caught in a "sting" operation designed to identify jailers involved in delivering drugs to inmates in return for money. Jackson was sentenced on December 20, 1991, to 41 months in prison and three years of supervised release. Judgment was entered on January 6, 1992. Jackson's conviction was affirmed by a panel of this court in an unpublished decision. United States v. Jackson, No. 92-5215 (6th Cir. Jan. 15, 1993) (per curiam).
 
 
 4
 In his motion to vacate, Jackson raised two grounds for relief: (1) his trial counsel rendered ineffective assistance, and (2) the trial court improperly admitted into evidence a package of imitation crack cocaine that had not been authenticated. The district court denied Jackson's motion in an order filed on March 21, 1994, upon finding that Jackson had failed to establish either deficient performance or resulting prejudice from his counsel's alleged errors, and that his evidentiary issue had been decided adversely to him on direct appeal. A separate judgment was entered on April 4, 1994. In this appeal, Jackson continues to argue the merits of his grounds for relief.
 
 
 5
 Upon review, we affirm the district court's judgment because Jackson has not established a fundamental defect in his proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 6
 To establish ineffective assistance of counsel, the movant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984); Sims v. Livesay, 970 F.2d 1575, 1579-81 (6th Cir.1992). The reviewing court's scrutiny of counsel's performance is highly deferential. Strickland, 466 U.S. at 689. Jackson presents several bases for his belief that his counsel was ineffective, none of which has merit for the reasons stated by the district court.
 
 
 7
 Jackson's evidentiary issue was raised and decided against him on direct appeal. It is well-settled that a Sec. 2255 motion may not be employed to relitigate an issue that was raised and considered on appeal absent highly exceptional circumstances, such as an intervening change in the law. United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir.1989) (per curiam); Barton v. United States, 791 F.2d 265, 267 (2d Cir.1986) (per curiam) (collecting cases); Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975). There are no exceptional circumstances present in this case.
 
 
 8
 Accordingly, the district court's judgment, entered on April 4, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, U.S. District Judge for the Western District of Michigan, sitting by designation