67 F.3d 300
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anacleto Aquerre SEPULVEDA, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1147.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1995.
 
 1
 Before: KEITH, DAUGHTREY and PHILLIPS,* Circuit Judges.
 
 ORDER
 
 2
 Anacleto Aquerre Sepulveda appeals a district court's judgment denying his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1991, a jury found Sepulveda guilty of conspiracy to distribute heroin, possession with intent to distribute heroin, and possession with intent to distribute cocaine. The district court sentenced him to 480 months of imprisonment. A panel of this court affirmed Sepulveda's conviction and sentence. United States v. Robelin, Case Nos. 91-1026 etc. (6th Cir. Jan. 14, 1993) (per curiam).
 
 
 4
 In his motion to vacate his sentence and his traverse to the government's response, Sepulveda argued that: 1) the district court incorrectly determined the amount of drugs attributable to him; 2) the district court relied on incorrect information in his presentence investigation report (PSI); 3) his convictions violate the Double Jeopardy Clause; and 4) counsel rendered ineffective assistance. The district court denied the motion as without merit. Sepulveda has filed a timely appeal, reasserting his same claims.
 
 
 5
 Upon review, we conclude that the district court properly denied the motion to vacate. In order to obtain relief under Sec. 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994). In order to obtain relief on the basis of a nonconstitutional error, the record must reflect a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.), cert. denied, 113 S.Ct. 2424 (1993). Technical violations of the federal sentencing guidelines will not warrant relief. See Scott v. United States, 997 F.2d 340, 342-43 (7th Cir.1993).
 
 
 6
 The district court properly denied the first aspect of Sepulveda's claim that it had incorrectly determined the amount of drugs attributable to him because this aspect has been previously addressed and rejected in his direct appeal. See United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir.1989) (per curiam); Barton v. United States, 791 F.2d 265, 267 (2d Cir.1986) (per curiam).
 
 
 7
 Sepulveda is barred from seeking relief on the second aspect of this claim. He argued that the district court should not have considered the cocaine involved because he was only charged with heroin drug offenses. This aspect of the claim could have been but was not raised on direct appeal. Under these circumstances, in order to obtain review, Sepulveda must demonstrate cause and prejudice to excuse his failure to raise this aspect of the claim on appeal. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Sepulveda has not alleged any cause and none is apparent from the record. Further, he can show no prejudice as this aspect of the claim is without merit for the following reasons.
 
 
 8
 First, Sepulveda was not simply charged with a heroin offense, but with possession of both heroin and cocaine. Second, courts are free to consider conspiracy to distribute a drug different from that charged in the conspiracy count as long as there is sufficient evidence that such distribution was part of "the same course or conduct" as the charged conspiracy. USSG Sec. 1B1.3(a)(2); United States v. Lawrence, 915 F.2d 402, 407-08 (8th Cir.1990). Third, courts may also consider types and quantities of drugs not specified in the count of conviction. See, e.g., United States v. Burnett, 968 F.2d 278, 281 (2d Cir.1992).
 
 
 9
 Sepulveda is also barred from seeking relief on his claims enumerated 2 and 3 above. These claims also were not raised on direct appeal. As stated previously, under these circumstances, in order to obtain review, Sepulveda must demonstrate cause and prejudice to excuse his failure to raise these claims on appeal. See Frady, 456 U.S. at 167-68; Ratliff, 999 F.2d at 1025. Sepulveda has not alleged any cause and none is apparent from the record. Further, he can show no prejudice as these claims are without merit for the following reasons. (It is noted that this cause and prejudice analysis does not apply to Sepulveda's ineffective assistance of counsel claim, as that claim was not cognizable on direct appeal. See United States v. Goodlett, 3 F.3d 976, 980 (6th Cir.1993).)
 
 
 10
 Sepulveda's challenge to the scoring under the sentencing guidelines is not cognizable under Sec. 2255 absent extraordinary circumstances. Scott, 997 F.2d at 342-43. A review of the record establishes that Sepulveda's allegation with respect to the equivalency table merely refers to a typographical error. Here, the total kilograms of heroin cited in paragraph 23 of the PSI can only be reached by using the proper equivalent of 1.21 kilograms. Clearly, the 7.21 is a typographical error, which did not affect the result.
 
 
 11
 Sepulveda's convictions do not violate the Fifth Amendment Double Jeopardy Clause. A substantive drug offense and the conspiracy to commit the drug offense are not the same offense for double jeopardy purposes. See United States v. Felix, 112 S.Ct. 1377, 1385 (1992) (carving out exception to the then viable Grady decision).
 
 
 12
 Finally, counsel rendered effective assistance. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Lewandowski v. Makel, 949 F.2d 884, 888 (6th Cir.1991). Counsel averred that he visited Sepulveda seven times prior to trial, with an interpreter. Counsel also averred that he spoke with Sepulveda four times on the telephone prior to trial. Furthermore, counsel averred that Sepulveda spoke English well enough for them to communicate on other occasions without the aid of an interpreter. Moreover, even if we were to accept as true Sepulveda's allegations that counsel only met with him once prior to trial, the claim would still be without merit because Sepulveda has shown no prejudice resulting from counsel's performance. Strickland, 466 U.S. at 687. Sepulveda has not established that counsel "was so manifestly ineffective that defeat was snatched from the hands of victory." United States v. Morrow, 977 F.2d 222, 229 (6th Cir.1992) (en banc).
 
 
 13
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable J. Dickson Phillips, Jr., Circuit Judge, United States Court of Appeals for the Fourth Circuit, sitting by designation