76 F.3d 379
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Floyd Wayne HAWKINS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-5651.
 United States Court of Appeals, Sixth Circuit.
 Feb. 5, 1996.
 
 Before KEITH, JONES and SILER, Circuit Judges.
 
 ORDER
 
 1
 Floyd Wayne Hawkins appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1989, Hawkins pleaded guilty to conspiracy to manufacture methamphetamine and the district court sentenced him to 121 months of imprisonment. On appeal, this court affirmed Hawkins's conviction and sentence. United States v. Hawkins, 1990 WL 150891 (6th Cir.1990) (unpublished per curiam).
 
 
 3
 Hawkins subsequently filed a motion to vacate sentence, alleging that: (1) his conviction was the result of governmental misconduct; (2) he received ineffective assistance of counsel because counsel should have stipulated to the quantity of drugs to be used in calculating his sentence; and (3) he did not knowingly and voluntarily enter his guilty plea. The magistrate judge concluded that Hawkins's first and third claims were without merit; however, the magistrate judge determined that an evidentiary hearing was required to review the merits of Hawkins's ineffective assistance of counsel claim. Following the evidentiary hearing, the magistrate judge concluded that Hawkins's ineffective assistance of counsel claim was also without merit and recommended that the district court deny Hawkins's motion. Over Hawkins's objections, the district court adopted the magistrate judge's report and recommendation and denied the motion. Hawkins has filed a timely appeal.
 
 
 4
 Upon review, we conclude that the district court properly denied Hawkins's motion to vacate sentence. In order to obtain habeas relief under § 2255 on the basis of non-constitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2297 (1994). In order to obtain relief under § 2255 for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in determining the petitioner's guilty plea. Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam).
 
 
 5
 Initially, we note that only Hawkins's ineffective assistance of counsel claim is properly before the court. Hawkins raised his other two claims in his direct criminal appeal and this court determined that those claims were without merit; therefore, he may not now relitigate those issues in his § 2255 motion. See United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir.1989) (per curiam); Barton v. United States, 791 F.2d 265, 267 (2d Cir.1986) (per curiam). As to Hawkins's remaining claim, we conclude that he has not shown that counsel's performance was deficient and that the deficient performance prejudiced his defense so as to render the proceedings unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). Hawkins has not established a reasonable probability exists that he would not have pleaded guilty and would have insisted on going to trial, except for his counsel's errors. Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 6
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.