89 F.3d 835
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas Lee O'NEIL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2111.
 United States Court of Appeals, Sixth Circuit.
 June 12, 1996.
 
 1
 Before: MERRITT, Chief Judge; COLE, Circuit Judge; ECHOLS, District Judge.*
 
 ORDER
 
 2
 Thomas Lee O'Neil appeals pro se from a district court judgment that denied a second motion to vacate his sentence under 28 U.S.C. § 2255. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 O'Neil was convicted by a jury of distributing explosive materials, possessing marijuana and possessing an unregistered sawed-off shotgun, violations of 18 U.S.C. § 842(e), 21 U.S.C. § 844(a) and 26 U.S.C. §§ 5841, 5861(d) and 5871. He was sentenced to an aggregate term of 36 months of imprisonment and three years of supervised release. This sentence was affirmed on direct appeal. In his first § 2255 motion, O'Neil alleged that the sentencing guidelines had been improperly applied in his case. The denial of this motion was also affirmed.
 
 
 4
 In his current motion, O'Neil alleged: 1) that his firearm and marijuana convictions had resulted from an unconstitutional search and seizure; 2) that his conviction for distributing explosive materials violated due process; 3) that he was denied the effective assistance of counsel because his attorney did not raise these claims at trial; and 4) that he was denied the effective assistance of counsel on direct appeal. The district court denied this motion in part, on July 27, 1995, because O'Neil's first three claims amounted to an abuse of the writ. After conducting an evidentiary hearing, the court also found that O'Neil's appellate counsel had not been ineffective. The case was finally dismissed on August 29, 1995, and O'Neil now appeals.
 
 
 5
 We review the denial of a § 2255 motion de novo, although we accept the district court's factual findings unless they are clearly erroneous. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). In order for O'Neil to prevail, the record must reflect a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error that violated due process. See id. Even an error of constitutional dimensions may be considered to be harmless if it did not have "a substantial and injurious effect or influence" on the proceedings. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993).
 
 
 6
 O'Neil has expressly limited this appeal to the issue of whether his appellate counsel was ineffective. He has, therefore, abandoned his first three claims for purposes of appellate review. See United States v. Williams, 993 F.2d 1224, 1227 n. 1 (6th Cir.1993).
 
 
 7
 O'Neil argues that his attorney was ineffective on direct appeal because counsel did not raise his first three claims at that time. To establish the ineffective assistance of counsel, O'Neil must show that his attorney's performance was deficient and that he was prejudiced by counsel's alleged errors. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Bowen v. Foltz, 763 F.2d 191, 194 & n. 3 (6th Cir.1985). O'Neil now argues that the district court applied the wrong standard in evaluating his claim. This argument lacks merit because the court properly examined the effectiveness of appellate counsel under the standards that were announced in Strickland and its progeny. It then found that counsel had made a "reasonable" strategic decision regarding the claims that he chose to raise on direct appeal.
 
 
 8
 Counsel does not have a constitutional duty to raise every colorable issue on appeal, if he decides not to present these issues "as a matter of professional judgment." Jones v. Barnes, 463 U.S. 745, 751 (1983). The performance of O'Neil's counsel was not deficient under this standard because he made a reasonable professional decision to raise other plausible arguments on direct appeal. See id. at 751-54. O'Neil's failure to show that counsel's performance was deficient independently defeats his claim. See Strickland, 466 U.S. at 687. We note, nonetheless, that no prejudice arose from counsel's failure to raise the arguments that O'Neil now suggests, as there was not a significant chance that pursuing these arguments would have affected the outcome of his direct appeal. See Bowen, 763 F.2d at 194.
 
 
 9
 O'Neil's first claim clearly involves the scope of the search, rather than the validity of the search warrant. The underlying premise of this argument was rejected on direct appeal, when a panel of this court held that marijuana and firearms were properly seized under the plain view doctrine, even though they were not specifically mentioned in the warrant. That holding is controlling here. See Barton v. United States, 791 F.2d 265, 267 (2d Cir.1986) (per curiam) (collecting cases). Nevertheless, we note that evidence discovered in plain view is admissible "whether or not the officer expects to find it in the course of a search." United States v. Bonds, 12 F.3d 540, 571 & n. 29 (6th Cir.1993).
 
 
 10
 O'Neil also suggests that appellate counsel should have argued that the trial court failed to advise the jury that they could acquit him if they found that he had distributed the explosive materials to an employee. This argument is refuted by the court's instructions which provided that the term distribute "does not include a mere change of possession from a person to his agent or employee in connection with the agency or in connection with the employment."
 
 
 11
 Finally, O'Neil alleged that trial counsel should have submitted documentary evidence to support his contention that the explosives had been distributed to an employee. However, the jury found that the uncontroverted testimony of O'Neil and his alleged employee regarding their relationship was not credible. Thus, appellate counsel reasonably decided to press other claims, rather than challenging trial counsel's failure to submit this cumulative evidence.
 
 
 12
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert L. Echols, United States District Judge for the Middle District of Tennessee, sitting by designation