99 F.3d 1140
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eleno TORRES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1114.
 United States Court of Appeals, Sixth Circuit.
 Oct. 22, 1996.
 
 Before: JONES, RYAN, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Eleno Torres appeals pro se from a district court judgment that denied a motion to vacate his sentence under 28 U.S.C. § 2255. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Torres was convicted of conspiring to possess marijuana for intended distribution and conspiring to commit money laundering, violations of 21 U.S.C. §§ 841(a)(1) and 846, as well as 18 U.S.C. §§ 371 and 1956(a)(1)(A)(i). Torres was sentenced to an aggregate term of 235 months of imprisonment and five years of supervised release, as well as $25,000 in fines. His convictions and sentence were affirmed on direct appeal.
 
 
 3
 Torres alleged that: 1) he was not responsible for all of the marijuana that was attributed to him; 2) he was not a member of the conspiracy; and 3) he was denied the effective assistance of counsel. On December 7, 1995, the district court dismissed the case under Rule 4(b) of the Rules Governing § 2255 Proceedings, which authorizes summary dismissal if it plainly appears that the movant is not entitled to relief. It is from this judgment that Torres now appeals.
 
 
 4
 We review the denial of a § 2255 motion de novo, although the district court's factual findings are examined for clear error. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). For Torres to prevail, the record must reflect a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error that violated due process. See id. Even a constitutional error may be found to be harmless if it did not have a substantial and injurious effect on the proceedings. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993).
 
 
 5
 Torres alleged that he was improperly assigned a base offense level of 32 because the trial court erred in finding that he was responsible for at least 1000 kilograms of marijuana. This claim was decided against Torres on direct appeal, when our court held as follows:
 
 
 6
 [T]he district court's finding that defendant's base offense level is 32, i.e., that the distribution conspiracy involved at least 1000 kilograms of marijuana, is not clearly erroneous. Although the district court's finding is an estimate, it is an entirely reasonable estimate of the amount of drugs involved.
 
 
 7
 This court's prior holding is controlling here. See Barton v. United States, 791 F.2d 265, 267 (2d Cir.1986) (per curiam) (collecting cases). Thus, Torres's first claim is unavailing.
 
 
 8
 Torres also alleged that he was not a member of the conspiracy. This claim was effectively decided against him on direct appeal, when the court held as follows:
 
 
 9
 [T]he district court's finding that defendant was an organizer or leader in the marijuana distribution conspiracy is not clearly erroneous. The evidence at trial, particularly the testimony of Lee Herrera, established that defendant was involved in all aspects of the marijuana distribution conspiracy, especially obtaining the marijuana which was then shipped from Texas to Michigan.
 
 
 10
 This court's prior holding that Torres was an organizer or leader of the conspiracy clearly controls the issue of whether he participated in the conspiracy at all. See id.
 
 
 11
 To establish the ineffective assistance of counsel, Torres must show that his attorneys' performance was deficient and that he was prejudiced by their alleged errors. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Torres alleged that his attorneys were ineffective because they did not raise his first two claims. However, Torres was not prejudiced because these claims were raised on direct appeal and found to be lacking in merit. The absence of prejudice independently defeats his current Sixth Amendment claims. See id.
 
 
 12
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.