62 F.3d 1418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jonathan David BROWN, Defendant-Appellant.
 No. 94-5917.
 United States Court of Appeals, Sixth Circuit.
 Aug. 4, 1995.
 
 1
 Before: JONES and BOGGS, Circuit Judges, and CHURCHILL, District Judge.*
 
 ORDER
 
 2
 Jonathan David Brown appeals a district court order denying his motion either for a new trial based on newly discovered evidence under Fed.R.Crim.P. 33 or to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1992, a jury convicted Brown of being an accessory after the fact to a conspiracy against civil rights in violation of 18 U.S.C. Secs. 3 and 241 and making false declarations before a grand jury in violation of 18 U.S.C. Sec. 1623. The district court sentenced Brown to 27 months of imprisonment and three years of supervised release and imposed a $10,000 fine and a $150 special assessment. On appeal, this court affirmed Brown's conviction and sentence. United States v. Brown, 49 F.3d 1162 (6th Cir.1995), petition for cert. filed, Case No. 94-9693 (June 19, 1995).
 
 
 4
 While Brown's direct appeal was pending in this court, he filed a motion for a new trial or a motion to vacate sentence in the district court. Brown alleged that: (1) the underlying offense to which he was an accessory did not constitute a violation of civil rights, and (2) the government did not provide him with certain discovery materials. The district court determined that his arguments were without merit and denied the motion. Brown has filed a timely appeal. On appeal, he requests permission to proceed in forma pauperis.
 
 
 5
 Upon review, we conclude that Brown's motion should be construed as a motion to vacate sentence filed under 28 U.S.C. Sec. 2255 and that the district court properly denied Brown's motion to vacate. In order to obtain habeas relief under Sec. 2255 on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994). In order to obtain relief under Sec. 2255 for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in determining the jury's verdict. Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994).
 
 
 6
 Brown's argument that the underlying conduct to which he was an accessory did not constitute a violation of civil rights is without merit. Brown previously raised this claim on direct appeal. A Sec. 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances. United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir.1989) (per curiam); Barton v. United States, 791 F.2d 265, 267 (2d Cir.1986) (per curiam). No exceptional circumstances are present in this case. Further, this court determined on direct appeal that the claim was meritless. Brown, 49 F.3d at 1165-67.
 
 
 7
 Brown's argument that the government improperly withheld certain discovery materials is also without merit. Initially, we note that Brown did not raise this claim on direct appeal and he has not shown cause to excuse his failure to previously raise the issue. Reed, 114 S.Ct. at 2300. Further, he suffered no actual prejudice from the alleged violation, id., because his claim is meritless. The government did not improperly withhold the alleged discovery documents because the evidence was not material to guilt or punishment. Brady v. Maryland, 373 U.S. 83, 87 (1963).
 
 
 8
 Accordingly, we grant Brown's request to proceed in forma pauperis for the limited purpose of review on appeal and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation