Clyde HARGRAVES, et al., Plaintiffs,

v.

CAPITAL CITY MORTGAGE CORP.,
et al., Defendants.

No. 98–1021(JHG).

United States District Court,
District of Columbia.

Jan. 2, 2001.

Richard Ritter, Lars T. Waldorf, Washington Lawyers' Committee for Civil Rights, Washington, DC, Jeffrey David Robinson, Duane Kenneth Thompson, Elizabeth Torrant Sheldon, Baach, Robinson & Lewis, Washington, DC, John Peter Relman, Relman & Associates, Washington, DC, Kurt Hirsch, Jellyvision, Chicago, IL, for Clyde Hargraves, Erlinda Cooper, Greater Little Ark Baptist Church, Walter Jamison, Sr, Nancy Hilliard, Angela Birth, Fair Housing Council of Greater Washington, plaintiffs.

Christopher Schwartz, Holland & Knight, L.L.P., Washington, DC, Rena Karen Schild, Philip Michael Musolino, Musolino & Dessel, Washington, DC, Eric Jerome Sanne, Leticia Maria Watson, Capital City Mortgage Corporation, Washington, DC, for Capital City Mortgage Corporation, Thomas K. Nash, defendants.

Bradley H. Blower, Federal Trade Com'n, Washington, DC, for Federal Trade Com'n

Michelle Aronowitz, Dept. of Justice, Civil Rights Div., Housing & Civil Enforcement, Washington, DC, for U.S., amicus.

## ORDER

JOYCE HENS GREEN, District Judge.

Defendants Capital City Mortgage Corporation and Thomas K. Nash ("Capital City") have moved for reconsideration of this Court's September 29, 2000, Memorandum Opinion and Order ("September Opinion"). Specifically, Capital City asks for partial summary judgment against plaintiffs Clyde Hargraves and Erlinda Cooper for failure to state a claim under the Fair Housing Act, 42 U.S.C. § 3601 *et seq,* Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1601 *et seq,* Section 1981, 42 U.S.C. § 1981, and Section 1982, 42 U.S.C. § 1982.[1]

As noted in the September Opinion, the issues addressed herein were given scant attention in the motions before the Court at that time. *See* September Opinion, n. 11. Having benefitted from a somewhat more comprehensive briefing, the Court is now able to address the issues more thoroughly. The motion for reconsideration is granted as to the Section 1981 and ECOA claims, and denied as to the Fair Housing Act and Section 1982 claims.

A party must adequately allege an "injury in fact" in order to meet the standing requirements of Article III of the Constitution. Where a plaintiff has alleged an "injury in fact," further inquiry is necessary to determine whether Congress has conferred a cause of action on that plaintiff. The "prudential" limits on standing require a plaintiff to "assert his own legal interests, rather than those of third parties." *Fair Employment Council of Greater Washington, Inc. v. BMC Marketing Corp.,* 28 F.3d 1268, 1277 (D.C.Cir. 1994) (quoting *Gladstone, Realtors v. Vil-*

---

1. Capital City's motion will be considered as having been made under Federal Rule of Civil Procedure 60(b), although Capital City did not specify under what authority they intended to bring the motion.

*lage of Bellwood,* 441 U.S. 91, 100, 99 S.Ct. 1601, 60 L.Ed.2d 66 (1979)).

■ The ECOA prohibits creditors from discriminating against applicants, and creates a civil cause of action for aggrieved applicants. 15 U.S.C. § 1691(a), 1691e. Regulation B specifies that "applicant means any person who requests or who has received an extension of credit from a creditor, and includes any person who is or may become contractually liable regarding an extension of credit." 12 C.F.R. § 202.2(e). Mr. Hargraves and Ms. Cooper do not purport to have received or applied for credit as individuals, despite their involvement in obtaining the loan for Greater Little Ark Baptist Church. The ECOA provides a cause of action for the church, but the individual plaintiffs are not permitted to assert the church's legal interests. Similarly, Section 1981 protects the right to "make and enforce contracts" and the church, rather than the individual plaintiffs, was party to the contract. Although plaintiffs assert that they suffered direct injuries, such as humiliation and emotional distress as well as financial loss due to their voluntary contributions to the church's efforts to repay the loan, those allegations are not enough to confer standing for their Section 1981 claims. *See Gersman v. Group Health Assoc.,* 725 F.Supp. 573, 577 (D.D.C.1989), *aff'd* 931 F.2d 1565 (D.C.Cir.), *vacated on other grounds,* 502 U.S. 1068, 112 S.Ct. 960, 117 L.Ed.2d 127 (1992), *aff'd original opinion* 975 F.2d 886 (D.C.Cir.1992) (president and principal shareholder's humiliation due to discrimination regarding corporation did not confer cause of action under Section 1981).

■ Section 1982 protects the right "to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. In the context of Section 1982, the term "hold" has been broadly interpreted to include the "use" of property. *See United States v. Brown,* 49 F.3d 1162 (6th Cir.), *denial of Habeas Corpus aff'd* 62 F.3d 1418, 1995 WL 465802 (6th Cir.1995) (conviction for conspiracy to violate civil rights upheld, because Section 1982 protects members' use of their synagogue); *United States v. Greer,* 939 F.2d 1076 (5th Cir.), *rehearing en banc granted on separate issue* 948 F.2d 934 (5th Cir. 1991), *opinion reinstated in relevant part* 968 F.2d 433 (5th Cir.1992) (same); *Olzman v. Lake Hills Swim Club, Inc.* 495 F.2d 1333 (2d Cir.1974) (in context of Section 1982, being a guest of a swimming pool is a property right plaintiffs could "hold"). As the church's pastor and a longtime member of the board of trustees, respectively, Mr. Hargraves and Ms. Cooper "hold" the church property in the sense that word has been interpreted to convey under Section 1982. Having alleged injury and a violation of their protected interests, they have standing to bring their claims under Section 1982.

■ The Fair Housing Act claims require a different analysis. "Prudential limits" on standing do not apply, as the Act confers standing to the full extent permitted by Article III. *See Gladstone, Realtors,* 441 U.S. at 109, 99 S.Ct. 1601; *Clifton Terrace Associates v. United Technologies Corp.,* 929 F.2d 714 (D.C.Cir. 1991). Any "aggrieved person" may bring a civil action, *see* 42 U.S.C. § 3613, and the definition of "aggrieved person" found in the regulations includes anyone who claims to have been injured by a discriminatory housing practice, 24 C.F.R. § 100.20. Mr. Hargraves and Ms. Cooper have alleged injury, and even if the alleged discrimination was directed against the church, they have standing to bring suit. It is therefore

**ORDERED** that Capital City's Motion for reconsideration is granted in part, in

that summary judgment is granted against Mr. Hargraves and Ms. Cooper as to their Section 1981 and ECOA claims; and it is

**FURTHER ORDERED** that Capital City's Motion for reconsideration is denied as to Mr. Hargraves' and Ms. Cooper's claims pursuant to Section 1982 and the Fair Housing Act.

IT IS SO ORDERED.