986 F.2d 1422
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Guillermo ROCHA, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-2024.
 United States Court of Appeals, Sixth Circuit.
 March 4, 1993.
 
 1
 Before RALPH B. GUY, JR. and BOGGS, Circuit Judges, and GIBSON, Chief District Judge.*
 
 ORDER
 
 2
 Guillermo Rocha appeals a district court order denying his motion to vacate sentence filed under 28 U.S.C. § 2255. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Following a jury trial, Rocha was convicted of conspiracy to distribute cocaine, possession with intent to distribute, and interstate travel in aid of racketeering. He was sentenced to concurrent terms of 365 months, ten years and five years, respectively. The Sixth Circuit affirmed the convictions. United States v. Castro, 908 F.2d 85, 87 (6th Cir.1990), appeal after remand, United States v. Rocha, No. 89-1531 (6th Cir. Sept. 5, 1991) (order) (unpublished).
 
 
 4
 In his motion to vacate sentence, Rocha claimed that the district court erred by sentencing him under the sentencing guidelines because the convictions were based on conduct that occurred for the most part before the effective date of the guidelines. He also maintained that he was denied the effective assistance of counsel because the attorney whom he retained to represent him, Harold Fried, never appeared but sent a lesser experienced associate, Steven Sonnenberg, in his stead.
 
 
 5
 Upon review, we conclude that the motion to vacate sentence was properly denied. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). Contrary to Rocha's arguments, the sentencing guidelines apply to offenses which begin before but continue after the effective date of the guidelines. See United States v. Walton, 908 F.2d 1289, 1299 (6th Cir.), cert. denied, 111 S.Ct. 532 (1990).
 
 
 6
 Rocha's claim that he was denied his right to assistance of retained counsel of his choice also lacks merit. The right to retain counsel of one's own choosing is not absolute. See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir.1985). The district court's denial of the motion for substitution of counsel was reviewed on direct appeal, see United States v. Castro, 908 F.2d at 88-89, and may not be relitigated in the present motion to vacate sentence. See United States v. Jones, 918 F.2d 9, 10 (2d Cir.1990).
 
 
 7
 To the extent Rocha asserted that he received ineffective assistance of counsel, he failed to demonstrate prejudice resulting from a deficiency in counsel's performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). In support of his claim, Rocha alleged that Fried's decision to send Sonnenberg in his place was the deficiency resulting in inadequate representation ("no representation"). However, other than alleging that Sonnenberg was less experienced than Fried, Rocha did not point to any error by Sonnenberg that satisfies the Strickland standard. The Sixth Amendment right to counsel does not guarantee representation by an experienced attorney, but by an attorney whose performance is reasonable under prevailing professional norms. 466 U.S. at 688. Rocha failed to demonstrate that attorney Fried's decision to send his associate was unreasonable.
 
 
 8
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Benjamin F. Gibson, Chief U.S. District Judge for the Western District of Michigan, sitting by designation